**In the Matter of William C. WELBORN.**

**No. 82S00–9302–DI–236.**

Supreme Court of Indiana.

May 12, 1994.

William C. Welborn, pro se.

Charles M. Kidd, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

The Respondent, William C. Welborn, has been charged by the Disciplinary Commission of this Court with failing to act with reasonable diligence, knowingly making a false statement of material fact, and engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, such conduct being in violation, respectively, of Rules 1.3, 8.1(a), and 8.4(c) of the *Rules of Professional Conduct for Attorneys at Law.* In accordance with the procedures set forth in Ind.Admission and Discipline Rule 23, a hearing officer was appointed, a hearing was conducted and the hearing officer has tendered her report. Neither the Disciplinary Commission nor the Respondent have petitioned for review.

The allegations of professional misconduct emanate from Respondent's representation

of a party in a paternity action. In August, 1988, Respondent was retained to represent the mother in a paternity action. A complaint was promptly filed and a hearing was conducted in the case on November 28, 1988. At that time, an agreement was reached by the parties relating to support and expenses. The court prepared a detailed minute entry and Respondent was instructed to prepare an appropriate order for signature by the judge. The Respondent did prepare the order and thought that it was filed by his office staff. In reality, the order was not filed or signed by the judge. Even though the order was not tendered, the Respondent did not receive the customary reminder from the Court in this regard.

The parties to the paternity litigation abided by the agreed order without a memorialization of such order. Shortly after the order was entered, Respondent's client informed Respondent that she did not receive a copy of the court order. Thereafter, she made numerous attempts to contact Respondent concerning this without success. Ultimately, Respondent's client had her fiance telephone Respondent and ask for a copy of the order and sent a certified letter demanding a copy of the order. The client never received a copy of the order.

During the investigation of the complaint filed in this case, Respondent informed the investigator for the Disciplinary Commission that he prepared the order for the judge's signature and that such tendered order was signed. As noted above, it was Respondent's belief at that time that the order had been tendered and signed when, in reality, it had not.

Based on the above findings of fact, the Hearing Officer concluded that Respondent failed to act with reasonable diligence in this case, but did not make a false statement or engage in dishonesty, fraud, deceit or misrepresentation. We agree with such conclusions.

Prof.Cond.R. 1.3 requires an attorney to "act with reasonable diligence and promptness in representing a client." In this case, Respondent effectively and timely represented his client through the resolution of a dispute. All that needed to be completed was the preparation of the court order memorializing what had been accomplished toward this end. Respondent prepared the order and thought that such matter had been tendered to the court and signed by the judge. Thereafter, he was advised to the contrary by his client, her fiance, and by letter. Respondent did nothing in response to such communications. Such lack of diligence constitutes a violation of this rule.

Respondent is also charged with making false statements to the investigator for the Disciplinary Commission and by such false statements engaging in dishonesty, fraud, deceit, or misrepresentation in violation of Prof. Cond.R. 8.1(a) and 8.4(c). The Hearing Officer concluded that there was insufficient evidence to conclude that Respondent knowingly engaged in such conduct. We concur in this conclusion and do not find misconduct under these rules.

It is now our duty to determine an appropriate reproof for the misconduct found in this case. The above findings indicate that no apparent harm resulted from Respondent's failure to act with due diligence. This does not mean, however, that such conduct can be condoned. As noted in the Comment to Prof.Cond.R. 1.3:

"Perhaps no professional shortcoming is more widely resented than procrastination.... (W)hen the client's interests are not affected in substance ... unreasonable delay can cause a client needless anxiety and undermine confidence in the lawyer's trustworthiness."

This comment's advice is clearly supported in the present case.

The Hearing Officer recommends that Respondent receive a public reprimand. We concur and accept such recommendation. It is therefore ordered that, by reason of the misconduct found in this case, the Respondent, William C. Welborn, is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.